MARGARET E. SCROGGS, *et al.*, v. THOMAS E. TUTT, *et al.*

JUDGMENTS AGAINST INTESTATE, *as Claims against Estate; Allowance, and Classification; Notice to Administrator.* A judgment was rendered against a person in his lifetime. After his death an administrator was duly appointed and qualified, and thereupon a certified transcript of such judgment was filed in the probate court having charge of the administration, and said probate court, without notice to the administrator, or any appearance in court, or any written or other waiver of such notice, allowed the judgment as a demand against the estate of the intestate, and classified it. *Held,* That the probate court acted without jurisdiction, and such allowance and classification are void, and that the administrator is not required, on demand, to pay such judgment.

### *Error from Wyandotte District Court.*

ACTION brought by *Tutt* and two others, as plaintiffs, upon the official bond of *Margaret E. Scroggs,* as administratrix of the estate of James A. Cruise, deceased, against said administratrix and *Jesse J. Keplinger* and *Nicholas McAlpine,* sureties on said bond, as defendants. The petition stated that said administratrix had refused to pay upon demand a balance alleged to be due upon a certain judgment recovered by said plaintiffs, *Tutt* and others, against the said Cruise in his lifetime, and which had been allowed and classified by the probate court as a claim against the estate of Cruise. The facts are as follows: In June 1869, *Thomas E. Tutt, Dent Tutt,* and *John F. Baker,* as plaintiffs, recovered a judgment

in the Wyandotte district court against Pembroke S. Ferguson, then sheriff of Wyandotte county, and against John E. Zeitz, Isaiah Walker, and James A. Cruise, (who were his sureties on his official bond as such sheriff,) for $2,350, and costs of suit. The enforcement of this judgment was enjoined by said Ferguson and his sureties until the April Term 1875 of said court, when said injunction was dissolved. Afterward, and before this suit, defendants in error caused executions to issue upon said judgment, and upon such writs certain property of the judgment-debtors, (except the property of said Cruise, who had in the meantime died,) was levied on and sold, and upon said sale $2,277.45 were realized, exclusive of costs, leaving still due on said judgment at the time of instituting this suit $1,014, besides accrued and accruing costs. On the 24th of May 1873, Cruise died, leaving surviving him *Margaret E.* Cruise, (now *Scroggs,*) his widow, and four children. A few days after the death of Cruise, said Margaret was duly appointed administratrix of his estate, by the probate court of Wyandotte county, and duly qualified as such, giving bond as required by law, and with said *Keplinger* and *McAlpine* as sureties. At the time of her appointment and qualification, large assets belonging to the estate of said Cruise, consisting of real estate and personal property, and money and rights and credits, of the value of $6,000, came to her hands and possession. Debts only to the amount of $1,587.17 have been presented against said estate, and these have long since been paid. There were no other debts allowed or classed against said estate at any time, now remaining unpaid, except the alleged debt of the defendants in error; and assets, applicable to the payment of their said claim came to possession of said administratrix, and now remain in her hands and under her control, and not required for the payment of other or prior claims, more than sufficient to pay the same. The said judgment against Ferguson, Zeitz, Walker and Cruise, was rendered during the lifetime of said Cruise. On the 13th of September 1875, defendants in error filed in the probate court of Wyandotte

county a certified transcript of the said judgment, and thereupon said probate court determined its class to be class seventh. Prior to the commencement of this suit, defendants in error demanded payment of said balance of the judgment from said administratrix, but she refused to pay said sum. Thereupon, and on the 12th of May 1876, this action was commenced, the plaintiffs, *Tutt* and others, relying upon the refusal of the administratrix to pay the balance alleged to be due on said judgment as a breach of the condition of the administration bond. *McAlpine* and *Keplinger* filed a general denial to the petition against them. Said *Margaret E. Scroggs* set forth seven defenses to said supposed cause of action. The substance of the second, sixth, and seventh of said defenses, taken together, being as follows:

"Said plaintiffs ought not to have or maintain their said action, because, since the 26th of May 1873, the defendant Margaret E. Scroggs has been and still is the duly appointed and qualified administratrix of the estate of James A. Cruise, deceased; and this defendant states and alleges, that ever since said 26th of May she has been an actual and *bona fide* resident of Wyandotte county, and has continually resided in the city of Wyandotte in said county, and that as such administratrix she has never had any notice of said demand, as stated in said petition, against said estate, except the demand made upon her as such administratrix for the payment of the same on the 12th of May 1876, and that prior to that time no person had ever exhibited to her said demand against said estate by serving upon her as such administratrix (or in any other capacity,) a notice in writing, stating the nature and amount of said claim, with a copy of the instrument of writing or account upon which the same was founded; and that said demand has never in any manner been established against said estate; that no one ever delivered to her as such administratrix, or in any other capacity, a written notice containing a copy of the instrument of writing or account upon which such demand was founded, and stating that they would present the same for allowance at a time therein named; that no such notice was served upon her as such administratrix, or in any other capacity, ten days before the presentation of such demand to the court, or at any other time, by any person, nor was such notice ever left at her usual place of residence, nor

did she ever waive the service of such notice, either by writing, or by appearing in court and waiving the same, nor did she in any other manner or form, waive the service of such notice; and further, that said demand has never in any manner been allowed as a demand against said estate of James A. Cruise, deceased, and that she has never in any manner been ordered to pay the same."

The plaintiffs demurred to the said second, sixth and seventh defenses, and the district court, at the December Term 1876, sustained said demurrer. It was conceded and agreed by all the parties that the facts were as alleged in the second, sixth and seventh defenses set up in the answer of defendant *Scroggs*. The district court held that such facts constituted no defense to plaintiffs' action; and defendants not desiring to answer over, the court gave judgment upon the demurrer in favor of plaintiffs for $1,058, and costs. The defendants bring the record here for review.

*Wallace Pratt*, and *J. B. Scroggs*, for plaintiffs in error.

*J. F. Mister*, and *D. B. Hadley*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The question presented for our consideration is, whether the mere filing with the probate court having the administration of an estate, of a certified transcript of a judgment rendered against the deceased in his lifetime, and the subsequent classification of the demand by said court, is a valid exhibition and establishment of the claim against the estate. In the absence of the notices named in sections 84 and 91 of the administrator's act, (ch. 37, Gen. Stat. 449,) and the affidavit required by sec. 88 of the same chapter, and without waiver on the part of the administratrix, or appearance by her, had the probate court any jurisdiction to allow or classify the judgment? Our answer to these interrogatories must be in the negative. Judgments rendered in the lifetime of the deceased, and against him, must be presented and allowed as other demands; and sections 84 and 91 of said ch. 37 are as applicable to the exhibition, presentation,

and allowance of such demands, as to other claims. An administrator, in the interest of the estate, should have the opportunity to show that such judgment during the lifetime of the intestate had been paid, in whole or in part; and if it be true, that nothing remains due thereon, after the other provisions of the statute are complied with, in regard to the notices and affidavit required prior to the allowance of the judgment, on the hearing to establish such claim, a certified copy of the judgment would be sufficient proof of the demand, unless the opposing interest should show that the holder of such judgment had not given credit to the estate for all payments and offsets to which it was entitled, or some other good defense thereto was established.

As there was no attempt on the part of defendants in error prior to the institution of this action to comply with sections 91 and 92 of said ch. 37, and as the administratrix never appeared in the probate court on the presentation of said demand, and never by writing waived the service of the notice necessary to be given prior to the establishment of the claim, the probate court had no jurisdiction, on said 13th of September 1875, or at any other date, to allow or classify the judgment as a demand against *the estate* of James A. Cruise, deceased. As this demand has never been established against *said estate,* in any of the forms provided by the statutes, the administratrix had been guilty of no violation of the conditions of her official bond when this action was commenced, and the judgment rendered was wrongfully given. These views do not conflict with enforcing a judgment rendered against the deceased in his lifetime which is a lien upon the real estate as provided in subdivision fourth of sec. 80, ch. 37, nor of having such a judgment revived against the administratrix. (Sec. 439, civil code.)

The cases cited from the Missouri courts by counsel of defendants in error, are not authority, because, in the adoption of sec. 8, Gen. Stat. of Mo. 1865, p. 502, the following words, viz., "and shall also exhibit copies of all judgments and decrees rendered in the lifetime of the deceased to the court

having probate jurisdiction," were omitted in sec. 86, Gen. Stat. of Kas., p. 449, which otherwise corresponds with said section 8. Notwithstanding this material difference, it.was originally decided in Missouri that in presenting a judgment rendered against a deceased in his lifetime for allowance against an estate, the same notice is required, as in the presentation of other demands; and this authority is cited in Wagner's Stat. Mo., edition of 1872, page 102, sec. 8, note 3; *Ryan v. Mundy*, 14 Mo. 458. It is true, that the subsequent decisions of that state are in conflict with what is stated in that opinion; but these, for the reasons above stated, are not controlling with us.

The judgment of the district court will be reversed, the case remanded, and the court below is instructed to overrule the demurrer to the second, sixth and seventh defenses.

All the Justices concurring.