The Board of Commissioners of Saline County v. August Bondi.

1. Verification of Claim, *Defective; Objection Waived.* Where a claim is presented to the board of county commissioners for its allowance, and the affidavit verifying the same is defective but not void, and no objection is made to the verification while the claim is pending before the county commissioners, but they refuse to allow the claim for other reasons, *held;* that no objection can afterward be made to the verification when suit is brought on the claim in the district court.

2. Costs Against a County; *No Error.* In a proceeding had before the probate court to determine whether a certain person is sane or insane, it was first found that he was not insane, and he was allowed to go at large; but on the next day a rehearing was granted, and a second trial had, at which second trial he was found to be insane, and was sent to the state insane asylum. It was also found that the estate of the insane person was entirely insufficient to pay the costs of the proceeding, and judgment was rendered against the county for the costs, including those accruing on the first as well as on the second trial. In a suit afterward brought in the district court against the county for said costs, the district court rendered a judgment against the county for costs accruing on said first as well as on said second trial. *Held,* Not error.

*Error from Saline District Court.*

Action brought by *Bondi* against the *Board of Commissioners of Saline County* for probate judge's fees and sheriff's fees, which accrued in a certain proceeding had before the probate judge, to determine the sanity or insanity of a person

alleged to be insane.    Trial at the November Term, 1878, of the district court, and judgment for plaintiff.    The defendant brings the case here.    Other facts appear in the opinion.

*John Foster*, for plaintiff in error.

*T. F. Garver*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by August Bondi against the county commissioners of Saline county, for probate judge's fees and sheriff's fees accruing in a certain proceeding had before the probate judge, to determine the sanity or insanity of a certain person supposed to be insane. Judgment was rendered in the court below in favor of the plaintiff, for $42.60, and the defendant brings the case here for review on petition in error.    Two principal grounds for error are urged in this court: First, it is claimed that the affidavit verifying the plaintiff's claim as he presented it to the county commissioners was not sufficient; second, it is claimed that there were two different cases with reference to the insanity of said person, in the first of which he was discharged, and therefore that the court below erred in rendering judgment for fees accruing in the first case as well as for fees accruing in the second case.

I. We think said affidavit was defective, but it was not so defective as to be void, and as no objection was made to it while the claim was pending before the county commissioners, and as the county commissioners refused to allow the claim for other reasons, no objection can now be urged against the sufficiency of the affidavit.    Nor could such an objection have been properly urged at any time after suit was brought on the claim in the district court.

II. A trial was had before the probate court and a jury, with regard to the sanity of said person, and the jury found that he "was not insane, and thereupon he was by the court allowed to go at at large."    Whether any judgment was rendered, or not, is not shown.    On the next day, a motion was

made by the party who instituted the proceeding for a rehearing, and the court granted it, (Comp. Laws 1879, p. 530, § 8,) and a second trial was duly had, which resulted in a verdict that said person was insane, and a fit person to be sent to the state insane asylum, and the court rendered judgment accordingly, and sent him to the state insane asylum. And it was further found that the estate of the insane person was entirely insufficient to pay the costs and expenses of the proceeding, and the court rendered judgment against the county of Saline for all the costs of the proceeding, including the first as well as the second trial. We do not think that the judgment of the probate court, taxing all the costs of the proceedings had before it against the county, was void, and therefore the district court did not err in following it. Indeed, we cannot say from the record brought to this court that said judgment of the probate court was even irregular or erroneous. It was probably right.

The judgment of the district court will be affirmed.

All the Justices concurring.