Scroggs v. Tutt.

MARGARET E. SCROGGS, et al., v. THOMAS E. TUTT, et al.

1. JUDGMENT AGAINST DECEDENT, Nature of. A judgment against a deceased person is not a judgment against his administrator or against his estate, until after it has been revived against his administrator, but is merely a demand against the estate.

2. SUCH JUDGMENT, How Classified. Such a judgment cannot be classified by the probate court, until after it has been established against the administrator by revivor, or otherwise.

3. ———— No Classification. The mere filing of such a judgment for classification, and its classification by the probate court, do not amount to anything in law.

4. ACTION UPON ADMINISTRATOR'S BOND, Nature of. A suit against the obligors of an administrator's bond (including the administrator as one of the obligors) for an alleged breach of the bond, is not a suit against the administrator in his representative capacity, nor is it a suit against his intestate's estate, in any form or manner; nor is it a suit on any demand against the estate; and where the plaintiffs fail in such a suit because it is shown that there has been no breach of the bond, they do not fail "other than upon the merits."

5. DEMAND, When Barred. Where a party fails to exhibit his demand against an estate for over three years after letters of administration have been granted (and he does not come within any of the exceptions), his claim is barred by ¿ 81 of the executors' and administrators' act; and this

includes claims founded upon judgments for money rendered against the deceased in his lifetime, which judgments have not been revived against the administrator.

6. DEMAND, *When Barred.* Where a party holding a claim against an estate, fails to commence proceedings in any court to establish it (by suit, revivor, or otherwise,) against the administrator for more than three years after the administrator has given bond, and due notice of his appointment, such claim is barred by § 106 of the executors' and administrators' act; and this includes claims founded on judgments for money rendered against the deceased in his lifetime.

7. NOTICE, *When Duly Given.* A notice of the appointment of an administrator is duly given in accordance with § 29 of the executors' and administrators' act, where it is published three consecutive times in a weekly newspaper, published and of general circulation in the county where the letters of administration are granted.

8. JUDGMENT AGAINST DECEDENT, *How Revived.* A judgment creditor holding a money judgment against a deceased person, cannot revive it against the administrator of such deceased person, against the will of such administrator, unless he does it within one year after the appointment and qualification of such administrator. (Civil Code, §§ 433, 439.)

### *Error from Wyandotte District Court.*

JUNE 19, 1878, *Tutt* and *Baker* made a motion in the district court to revive a certain judgment against *Margaret E. Scroggs*, as administratrix of the estate of James A. Cruise, deceased, which motion the court sustained at the July Term, 1878, and found that there was still due on the judgment the sum of $1,144. New trial denied, and the administratrix brings the case to this court.

At the December Term, 1878, of the district court, the said administratrix, as defendant in a certain other action, had judgment against *Tutt* and *Baker*, plaintiffs therein, who bring the case here. All necessary facts, pleadings and proceedings in both the above cases fully appear in the opinion.

*J. B. Scroggs*, for Margaret E. Scroggs, administratrix.

*Mister & Hadley*, for Tutt and Baker.

The opinion of the court was delivered by

VALENTINE, J.: In 1861, Thomas E. Tutt, Dent G. Tutt, and John F. Baker, had a claim against Wilkins T. Wheatly

and Thomas F. Thatcher for money due, which claim they have ever since been trying to enforce. Portions of the litigation have been to this court nine times, including the two cases which we now have under consideration. (See *Tutt v. Ferguson*, 13 Kas. 52; *Scroggs v. Tutt*, 20 Kas. 271.) The two cases which we now have under consideration are as follows:

*First*, A petition in error by Margaret E. Scroggs, plaintiff in error, as administratrix of the estate of James A. Cruise, deceased, and others, against said Tutts and Baker, defendants in error, to reverse an order of the district court reviving a certain judgment against Mrs. Scroggs, as such administratrix, which judgment had previously been rendered in favor of said Tutts and Baker, and against Pembroke S. Ferguson, James S. Cruise, and others, in the lifetime of said Cruise, on the official bond of said Ferguson, as the sheriff of Wyandotte county.

*Second*, A petition in error by Tutts and Baker, making Mrs. Scroggs defendant in error, to reverse a judgment of the district court affirming an order of the probate court refusing to allow or classify said judgment (rendered against Ferguson, Cruise and others,) as a legal claim against the estate of said James A. Cruise, deceased.

We shall consider these two cases together. The facts, so far as it is necessary to state them, are as follows:

On June 19, 1869, a judgment was rendered in the district court of Wyandotte county, in favor of Tutts and Baker, and against Ferguson, Cruise and others, on the said official bond of Ferguson, for the sum of $2,350 and costs. In December, 1871, the collection and enforcement of this judgment was restrained by injunction. On May 23, 1873, Cruise died intestate. On May 26, 1873, his widow, Mrs. Cruise, (now Mrs. Scroggs,) was appointed administratrix of his estate. Mrs. Cruise immediately accepted the trust, and qualified by giving bond and taking the required oath, and caused notice of her appointment to be duly published for three consecutive weeks in a weekly newspaper, published and of general cir-

culation in said county of Wyandotte, by having the notice inserted in said newspaper on May 29th, and June 5th and 12th, 1873. In July, 1873, she was made a party to said injunction proceeding. In April, 1875, said injunction was dissolved. Very soon afterward an execution was issued on the judgment, and from that time up to October 19, 1875, there was collected on said judgment, exclusive of costs, about the sum of $2,277.45. On September 13, 1875, said judgment of Tutts and Baker against Ferguson, Cruise and others, was filed in the office of the probate court of Wyandotte county for classification, and was put in the seventh class by the probate court. This judgment was never paid. On May 12, 1876, suit was commenced on the bond of the administratrix against her and her sureties, which suit was based on her failure to pay said judgment in accordance with said classification. On October 20, 1876, final distribution of the personal assets of the estate was ordered by the probate court, and made by the administratrix. On November 10, 1876, said classification of said judgment was set aside by the probate court, and the Tutts and Baker appealed to the district court. In December, 1876, judgment was rendered by the district court on said administratrix's bond in favor of Tutts and Baker and against Mrs. Scroggs (formerly Mrs. Cruise) and her sureties for the sum of $1,058 and costs, and said appeal from the probate court was determined favorably to Tutts and Baker. Afterward the case was taken to the supreme court on petition in error, and the supreme court, at its January term, 1878, reversed said judgment of the district court. (*Scroggs v. Tutt*, 20 Kas. 271.) On June 19, 1878, Tutts and Baker made a motion in the district court of Wyandotte county to revive said judgment against Mrs. Scroggs as administratrix; and on July 12, 1878, the court sustained the motion, finding that there was still due on the judgment the sum of $1,144. Mrs. Scroggs excepted, and also moved for a new trial, which motion was overruled, and she again excepted, and then brought the case to the supreme court for review.

This is the first of said two cases which we now have under consideration. The additional facts necessary to be stated for the consideration of the other case are as follows:

On August 7, 1878, the Tutts and Baker served upon Mrs. Scroggs a notice in writing of their claim, and the time for hearing the same in the probate court, etc., as required by §§ 84 and 91 of the executors' and administrators' act, (Comp. Laws of 1879, pp. 420, 421), for the purpose of duly *exhibiting* their claim as required by said § 84, and of enabling them to afterward *establish* their claim, as required by said § 91, and of having the same *allowed and classified* by the probate court. On August 10, 1878, the parties filed their pleadings, and the case was heard by the probate court; and on August 26, 1878, the court decided the same against the Tutts and Baker — refusing to allow or classify their claim, or any part thereof. On August 28, 1878, the Tutts and Baker appealed their case to the district court. On December 16, 1878, the case was heard in the district court, and the decision of the probate court was affirmed in every particular. The Tutts and Baker then moved for a new trial, which motion was overruled, and then they brought the case to this court for review, and this is the second of said two cases now pending in this court.

Mrs. Scroggs, whom we shall hereafter call the defendant, claims that the court below erred in reviving said judgment against her; while the plaintiffs, of course, claim the reverse. And the plaintiffs claim that the court below erred in affirming the decision of the probate court, refusing to allow or classify their said claim founded on said judgment; while the defendant, on the contrary, claims that the court below did not so err. The defendant, in support of her views, contends as follows: Up to July 12, 1878 (when said judgment was revived against her), there was no judgment in favor of the plaintiffs and against her as administratrix or otherwise, or against the estate. She claims that up to that time said judgment against Ferguson, Cruise and others (which does not

on its face purport to be a judgment against her or against the estate,) was no judgment at all as against her or the estate, but was merely a demand against her and the estate, which demand could be converted into a judgment against her or the estate only by a revivor of the judgment as against her and the estate, or by an action thereon against her, either in the probate court or in the district court. And according to the decision made in the case of *Scroggs v. Tutt*, 20 Kas. 271, she must be right; for, if said judgment were a judgment against her or against the estate, the mere filing of the same in the probate court (as the plaintiffs in this case did, on September 13, 1875,) would be sufficient under §§ 100 and 101 of the executors' and administrators' act, to authorize a classification and payment of such judgment. But this court held in that case that said filing was not sufficient to authorize any such thing; that in fact it did not amount to anything in law. There are many reasons why a judgment against a deceased person should not be considered a judgment against his estate, until it is revived against his administrator, but it is not necessary now to state them. It is sufficient now to rely entirely upon the authority of said case of *Scroggs v. Tutt*, ante. Of course, a judgment against a deceased person is a demand of a higher character than many other demands are, for it is a lien upon all his real estate that was subject to execution at the time of his death, but still it is only a demand, and must be established against his administrator like other demands, either by revivor or by a suit in some competent court, before it can be enforced.

The defendant also claims that on June 19, 1878, (the time when said motion was made to revive said judgment,) all proceedings to enforce the payment of said claim were barred by certain statutes of limitation ; that the proceeding to revive said judgment was barred by § 433, in connection with § 439, of the code of civil procedure; that § 81 of the executors' and administrators' act barred all proceedings in the probate court for the enforcement of said claim, and that § 106 of

said act barred all proceedings in all courts for its enforce-
ment.    The defendant makes some other claims, not neces-
sary to be stated.        •

For the purposes of this case, we shall assume that no
statute of limitation commenced to run against the plaintiffs'
claim until after said injunction was dissolved, which was in
April, 1875.    The defendant claims that certain statutes com-
menced to run earlier, while the plaintiffs claim that no stat-
ute has ever so run as to bar their claim.    Is said claim
barred?    More than three years elapsed after said injunction
was dissolved, and before the plaintiffs took any steps to re-
vive their judgment or to exhibit it, or to establish it as a
demand against the said estate; and, therefore, it would seem
that said claim was barred, just as the defendant claims that
it was.    But the plaintiffs claim that the said statutes did not
bar their claim for the following reasons: 1. A certified tran-
script of said judgment was filed in the probate court, and
classified by that court on September 13, 1875; 2. A suit was
brought by the plaintiffs against Mrs. Scroggs and her sure-
ties on her administratrix's bond, on May 12, 1876; 3. The
plaintiffs failed in said suit, in January, 1878, "otherwise
than upon the merits," and they made said motion to revive
said judgment on June 19, 1878, and they commenced their
action in the probate court to establish their demand on said
judgment on August 7, 1878 — both of which proceedings
were commenced within less than one year after said failure
in the suit on said administratrix's bond — and therefore,
under § 23 of the civil code, their claim is not barred;
4. Said § 433 of the civil code, relating to revivor of actions,
has no application to judgments.

We do not think that any of the foregoing reasons are suf-
ficient.    The filing of said transcript in the probate court
was not the commencement of an action against the estate.
(*Scroggs v. Tutt*, ante.)    Nor was it even a legal exhibition
of the plaintiffs' claim against the estate. (See executors' and
administors' act, §§ 82 to 84.)    Nor was it anything upon which
the plaintiffs can found any right.    Taking it and said classi-

fication together, and they both do not amount to anything in law, as we have already stated. Said suit against Mrs. Scroggs and her sureties, as individuals, and as the obligors of said administratrix's bond, for an alleged breach of the bond, was not a suit against Mrs. Scroggs in her representative capacity as administratrix of her intestate's estate; nor was it a suit against the estate in any form or manner; nor was it a suit on a *demand against the estate;* and the plaintiffs did not fail in said suit on the administratrix's bond, "otherwise than upon the merits." It was precisely "the merits" upon which they did fail. They failed because it was conclusively shown that no cause of action existed in favor of the plaintiffs, and against the defendants, Mrs. Scroggs and her sureties, on said administratrix's bond. There had been no breach of the bond.

We think that said claim was barred by § 81 of the executors' and administrators' act, which bars all demands against the estate which are not legally exhibited against the estate within three years after letters of administration are first granted. We also think that said claim was barred by § 106 of said last-mentioned act, which bars all claims against the estate which are not sued on within three years after the administrator's bond is given; provided, however, that the administrator gives proper notice of his appointment, as was done in this case. (*Hanson v. Towle,* 19 Kas. 273; *Clawson v. McCune,* 20 Kas. 337; see also *Collamore v. Wilder,* 19 Kas. 67.) Said notice was duly given, in accordance with § 29 of the executors' and administrators' act.

Perhaps it is hardly necessary for us to consider the statutes relating to the revivor of judgments; for, as we have already seen, the plaintiffs' claim was barred by other statutes, to wit, said §§ 81 and 106, before said motion to revive was made. We shall, however, offer a few suggestions relating to the revivor of judgments. Sec. 433 of the civil code reads as follows:

"An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made."

Section 439 of the civil code reads as follows:

" If either or both parties die after judgment and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the same manner as is prescribed for reviving actions before judgment; and such judgment may be rendered and execution awarded as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party."

According to the above statutes, where a year elapses within which an action might be revived against an administrator, and it is not revived, it then requires the consent of the administrator to authorize its revivor; and a judgment can be revived only " in the same manner as is prescribed for reviving actions." Therefore, where a year elapses within which a judgment might be revived, and it is not revived, it will then (the same as in cases of revivors of actions) require the consent of the administrator to authorize its revivor. The proceeding to revive an action and the proceeding to revive a judgment are substantially the same; each must correspond to the same formula. Hence, where an action cannot be revived without the consent of the administrator, neither can a judgment. It is seldom necessary, however, to revive a judgment. Where the judgment has been executed or satisfied in the lifetime of the deceased, it is certainly unnecessary; for the death of a party can never disturb rights already vested in others. And even where the judgment has not been executed or satisfied, if it is a money judgment, and the estate is solvent, there can be but little necessity for its revivor, for the judgment creditor has the power to enforce the payment of his money as well without as with revivor. He may present his claim and have it established at any time within three years, and then enforce its payment, although he may never have his judgment revived. But it may be said that by failing to revive his judgment, he loses his judgment lien. This is true; but if the estate is solvent, it makes but little difference. But if, for any reason, he wishes to preserve his lien, he should be required to revive

his judgment within one year.   There can be no hardship in this; while if he is allowed to revive his judgment at any remote and indefinite period in the future, it might work immense hardship.   All parties are interested in knowing at an early period the exact financial condition of the estate.   And for this reason all parties are required to exhibit their claims to the administrator, and are encouraged to do so at an early period of time.   Advantages are given to those who exhibit their claims within the first year.   Claims exhibited within the first year are first paid, and are sometimes paid while those exhibited afterward may not be paid at all.   (See executors' and administrators' act, § 80, and §§ 102 to 104.)   And the statutes in this regard do not seem to make any exception in favor of judgment-lien holders.   Judgment-lien holders, like others, must exhibit their claims by revivor or otherwise within a year, or they lose their priority of lien in favor of others who have been more vigilant in exhibiting and establishing their claims ; and the law nowhere encourages procrastination and delay.   If a judgment creditor, while the judgment debtor is living, fails for one year to have an execution issued and levied, he loses his priority of lien as against all other judgment creditors of the same judgment debtor.   (Civil Code, § 468.)

We think that a judgment cannot be revived against an administrator after a year has elapsed within which it could be revived, except with the consent of the administrator, and that the rule is a reasonable one.   And as the court below in the present case permitted such a revivor after a year had elasped, without the consent and against the will of the administratrix, we think the court below erred.

The judgment of the court below in the case of Scroggs and others against Tutt and others will be reversed, and the judgment in the case of Tutt and others against Scroggs will be affirmed.

All the Justices concurring.