## THE CITY OF IOLA V. P. H. HARRIS.

| 40 | 629 |
| 81 | 710 |

COSTS — *Violation of City Ordinance — Taxation against City.*  When a prosecution for the violation of an ordinance of a city of the third class results in favor of the defendant, the fees of the police judge and of witnesses subpenaed and who testified in behalf of the city' should be taxed as costs against the city, unless such costs for sufficient reasons are adjudged against the prosecutor.

### Error from Allen District Court.

THE opinion states the case.    The defendant *City* asks for the reversal of a judgment against it at the November term, 1886.

*J. H. Fisher,* for plaintiff in error.

*Knight & Foust,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The city of Iola asks the reversal of a judgment of the district court which was based on the following facts: An action was brought before the police judge of the city of Iola, which is a city of the third class, in which the city was plaintiff, and F. Fickey was defendant, charging him with a violation of one of the ordinances of the city, and judgment was given against him.    He appealed to the district court, where judgment was rendered in his favor and against the city.    Two witnesses were subpenaed in behalf of the city, who attended the police and district courts, and their fees, taxed at the rate of fifty cents each for each day's attendance, amounted to $25.20, and the claim therefor was duly assigned by them to the police judge.    The amount taxed by the police judge as his own fees in the case was $9.85, and both of these claims were presented by him to the city council of Iola to be audited and allowed, and both were rejected. An action was then begun in the district court by the police judge to recover the amount of both claims, which resulted in favor of the plaintiff and against the city.    The question pre-

sented is, whether the city is liable for the fees of the police judge and of witnesses who were subpenaed and testified in behalf of the city in a proceeding to enforce a city ordinance. We think the judgment of the district court should stand. No good reason is advanced why the city should be excepted from the general rule assessing the costs of a case against the losing party.   It is argued that a prosecution for a violation of a city ordinance is a criminal proceeding, and that the city in such cases comes within the rule which relieves counties from the payment of costs in certain criminal prosecutions.   While an action to enforce a city ordinance partakes of the nature of a criminal proceeding, it is not strictly such; nor do the rules fixing the liability of counties for costs in criminal prosecutions apply.   In criminal prosecutions the state, and not the county, is the party plaintiff; while an action to enforce a city ordinance is brought by and in the name of the city.   As the county is not a party in a criminal prosecution, no judgment can be given against it, nor can it be held liable for any costs that accrue therein, unless some statute specifically makes it liable.   But the city, being directly interested and a party in the actions brought under its ordinances, becomes liable under the general provisions regarding liability for costs.

With respect to the fees of the witnesses, § 81 of the act relating to cities of the third class provides that each witness shall receive fifty cents per day, and that the fees are to be taxed as other costs in the case.   Sections 21 and 88 of the same act prescribe what fees the police judge shall receive, and expressly provide that those which accrue in prosecutions brought before him shall be taxed as costs in the cause.   One exception is made in § 87 of the act, where it provides that if it is found that the prosecution was commenced without probable cause and from malicious motives, the costs of the prosecution shall be adjudged against the prosecutor; and thus the city might be relieved from their payment.   No such facts existed, or at least no such finding was made in the present case.   If a prosecution fails, and the costs are not adjudged against the prosecutor, they must be taxed against the city.

The fees taxed are conceded to be correct under the rules prescribed by the statute, if the city is liable for any.    Indeed, there is an admission that the fees claimed are a legal charge against the city, and that it is liable therefor.    We have considered the questions however as though no such admission was made, and our conclusion is that the costs were properly adjudged against the city.

The judgment of the district court will be affirmed.

All the Justices concurring.