THE COUNTY COMMISSIONERS OF DESOTO COUNTY, PLAIN-
TIFF IN ERROR, v. A. U. HOWELL, DEFENDANT IN ERROR.

1.  When a party defendant has been tried by a jury, acquitted
    and discharged of a criminal offence in the court of a
    County Judge, the county in which he is tried is liable
    under section 9, Article XVI of the Constitution of Flor-
    ida, as amended in 1894, to pay the mileage and attend-
    ance of the defendant's witnesses, who have been properly
    subpoenaed and have attended upon the trial; and in such
    case, under existing laws the trial court can only enter
    a general judgment against the county for the costs, but
    such judgment is not  a finality  as to the  items  and
    amounts of such costs, but these are to be investigated,
    audited and allowed by the county commissioners in the
    exercise of a legal, and not arbitrary discretion, and the
    liability of a county does not become fixed as to the items
    and amount to be paid until the commissioners have de-
    termined them to be legal, or they have been established
    by suit.  If the county commissioners refuse to act, they
    may be compelled by mandamus to do so; but if they have
    acted, and have erred, the remedy is not by mandamus,
    but by suit of the aggrieved party against the county.

2.  When a defendant has been tried, acquitted and discharged
    of a criminal offense, and has subpoenaed witnesses in his
    behalf, in accordance with statutory provisions, who have
    have attended the trial, such defendant is not liable for
    the mileage and attendance of such witnesses, and is not
    a proper party to enforce the payment by the county of
    such costs, unless he has advanced and paid them to his
    witnesses.

This case was decided by Division B.

Writ of Error to the Circuit Court for DeSoto County.

STATEMENT.

On March 18th, 1905, upon the relation of A. U. Howell the defendant in error, an alternative writ of mandamus was issued in the Circuit Court of DeSoto county against the Board of County Commissioners of DeSoto county, wherein it is in substance alleged that relator is a citizen of Florida, and that on the 11th day of February, 1905, he was defendant in a criminal cause pending on affidavit made and filed in the County Judge's Court of said county charging him with a violation of section 2405 of the Revised Statutes of this State; that a warrant was on that day issued upon said complaint, and relator was arrested by the sheriff of said county, and on the 14th of said month appeared ready for trial in said court; that the complaint was withdrawn and relator was discharged, and that immediately thereafter another affidavit was filed in said court charging relator with the violation of the same section, a warrant was issued thereon, petitioner was then and there arrested, and the cause set for trial on the 18th of February, 1905; that on said last mentioned day relator appeared in said court, was tried by a jury and acquitted, and that the County Judge entered an order discharging relator and requiring the county of DeSoto to pay all the costs in that behalf expended; that relator had four witnesses duly subpœnaed to testify in his behalf on the trial of the first above mentioned complaint, who were present and answered to their names, and were instructed by the court to appear before the court on the 18th of February following, to testify in behalf of relator on the trial of the second complaint, and that each of said witnesses was subpœnaed and attended said trial in obedience to subpœnas, and no more than

two of said witnesses were subpœnaed to testify to the same fact; that upon the acquittal of relator claim was made for the mileage and attendance of the said witnesses, setting up the items of mileage and attendance making a total of $31.60 due the witnesses; that the the claim is correct and reasonable, and that it embraces County Judge taxed, approved and allowed the same; that no constructive mileage or any illegal claim; that the County Judge at the regular meeting of the Board of County Commissioners held at Arcadia, in the county aforesaid, on March 10th, 1905, presented the cost bill in said causes in which was included the above mileage and attendance of relator's witnesses, the account having been made out in manner and form as required by law and the rules of the County Commissioners; that all the costs were audited and warrant issued therefor on the Fine and Forfeiture Fund except that part which embraced the aforesaid mileage and attendance of relator's witnesses before the County Judge; that the Board of County Commissioners refused to audit and allow these costs because relator had been acquitted and discharged, and had not filed in said cause such an affidavit of insolvency as would make the mileage and attendance of his witnesses a legal charge against the county, by means whereof relator is deprived of his pay for his witnesses. The alternative writ then prays for a writ of mandamus commanding the Board of County Commissioners to audit the account for relator's witnesses, and to order them paid as required by law. The Board was required to show cause on or before the 15th of April, 1905, why a peremptory writ should not issue. A return was made to the alternative writ in which the respondents in substance, first, deny that the relator is the proper person to bring this proceeding, and, second, that on account of

insufficient knowledge they can neither admit, nor deny the account for $31.60 is correct, and demand proof thereof; third, that they have reason to believe and do believe that the said charge for witnesses was fully settled by the person who made the affidavit in the prosecution against relator, and he is seeking to have the said amount twice paid; fourth, that respondents have under the constitution, and under Chapter 4325, Laws of Florida, of 1895, discretionary powers in rejecting payment of all bills and claims made and presented by any County Judge or Justice of the Peace against the county, and that in the exercise of such discretion it was their judgment and opinion that said bill in its entirety was not a valid charge against the county of DeSoto, and that the said witnesses, if they have a valid claim, should be compensated by the party who made the affidavit against relator, and that the respondents rejected this claim for $31.60 for these reasons; fifth, respondents deny that relator has no other remedy than mandamus, but allege that he has a full and adequate remedy at law, and in conclusion pray to be discharged with their costs in this behalf expended.

The relator moved to quash this return and for a peremptory writ, because it states no defense and is insufficient. This motion was granted and a peremptory writ was ordered by the Circuit Judge directing the Board of County Commissioners to audit relator's claim for mileage and attendance of his witnesses, and to issue a warrant for the same upon the Fine and Forfeiture Fund of said county as taxed by the County Judge and by him adjudged to be paid by DeSoto county. To this ruling the respondents excepted.

The assignment of error here is that the Circuit Judge erred in sustaining the motion to quash the return.

*W. E. Leitner,* for Plaintiff in Error.

*Forrister & Burton,* for Defendant in Error.

HOCKER, J., (*after stating the facts.*)    Section 9, Article XVI of the Constitution of 1885, as amended in 1894 reads as follows: "In all criminal cases prosecuted in the name of the State when the defendant is insolvent, or discharged, the legal costs and expenses, including the fees of officers, shall be paid by the counties where the crime is committed, under such regulations as shall be prescribed by law; and all fines and forfeitures collected under the penal laws of the State shall be paid into the County Treasuries of the respective counties as a general county fund to be applied to such legal costs and expenses."

Chapter 4401 Laws of 1895, provides for the payment of costs by counties in criminal cases in the Circuit Courts and in Supreme Court, when the judgment is reversed or the prisoner discharged, and upon presentation of a certified copy of the judgment against a county for costs for the auditing and allowing the same by the County Commissioners, and for a warrant for the same on the County Treasurer.    This statute does not apply to the present case, which was a proceeding before a County Judge.

Section 1, Chapter 5131, Laws of 1903, provides: "In all criminal cases prosecuted in the name of the State where the defendant is insolvent or discharged, the county shall pay the legal expenses and costs as is now prescribed by law for the payment of costs incurred by the county in the prosecution of such cases; Provided, That there shall not be more than (2) two witnesses summoned and paid to prove the same fact."

Chapter 4672 Laws of 1899, amends sections 1 and 8 of the act of 1895, which provides for the establishment of a fine and forfeiture fund in the several counties, regulates the payment of criminal costs, &c. Section 8 of the act as thus amended imposes on the county commissioners the duty of investigating accounts for costs, and give them authority to reject all or any portion of any account which is not a valid claim against the county, and requires that they shall allow and pay costs only when they are just, correct and reasonable, and that they shall not pay any constructive mileage, or any illegal or unnecessary item or charge in any frivolous case.

It is established law in this State that when mandamus is resorted to for the purpose of enforcing a private right, the person interested in having the right enforced must be the relator, and must make his right appear. Florida, C. & P. R. Co. v. State *ex rel.* Town of Tavares, 31 Fla. 482, 13 South. Rep. 103. It is also established that the relator must show a clear prima facie case. Puckett v. State *ex rel.* Johnson, 33 Fla .385, 14 South. Rep. 834, and cases cited.

We think it is clear that under the quoted constitutional provision before its amendment in 1894, construed by this court in Buckman v. Alexander, 24 Fla. 46, 3 South. Rep. 817, in connection with sections 11 and 14 of the Declaration of Rights, that a person accused of crime is entitled to compulsory process for the attendance of his witnesses and that he cannot be compelled to pay costs except after conviction on a final trial. If he is acquitted or discharged he is not liable for any costs; but if he has paid any taxable costs in such a case he is entitled to have them refunded under section 2988 of the Revised Statutes of 1892, and this would be his right independent of

this section.   The amendment of section 9, Article XVI of the constitution shifted the duty of paying costs from the State to the several counties.

In the case at bar the relator does not show that he has any personal pecuniary interest whatever in collecting from the county of DeSoto the costs of the mileage and attendance of the witnesses who were subpœnaed and attended the trial before the County Judge on his behalf.   He does not allege that he has paid them, and he affirmatively shows that he is not liable for them, because he was acquitted and discharged.   He therefore does not show that he has any right to   maintain mandamus.   In the cited case of Buckman v. Alexander, the defendant was acquitted of a criminal charge in the Circuit Court.   A motion was made in that case *on behalf of his witnesses* that the clerk be required to pay them their fees.   The court in this case reviews the law including the constitutional   provisions referred to,   and concludes that the Circuit Court had authority to enter a general judgment for costs, in favor of movants, but could not direct an execution to be issued for their collection, and that their payment must be made in accordance with the directions of existing statutes.   The court in treating of those   directions and   regulations   says: "The State, departing from the ancient rule, undertakes to pay the   costs of   criminal cases   prosecuted in   its courts, where the defendant is insolvent or discharged; but that this liberality may not be made the source of abuse, the undertaking is to be guarded by regulations of law.   The regulations adopted may seem to be stringent and   hard, but not for   that reason invalid;   and would only be so where the effect would be to defeat the undertaking entirely, or to render its practically null." We think these views are applicable to the existing stat-

utory provisions contained in amended section 8, Chapter 4672, Laws of 1899. A general judgment of a trial court, fixing liability upon a county for the costs when a defendant is discharged or acquitted, is not a finality upon the question of such costs, but they are to be investigated, audited and allowed by the County Commissioners, in the exercise of a legal, and not arbitrary discretion, and the liability of a county does not become fixed as to the items and amount to be paid until the Commissioners have determined them to be legal, or they have been established by suit. If the Commissioners refuse to act they may be compelled to do so by mandamus; but if they have acted, and have erred, the remedy is not by mandamus, but by suit of the aggrieved party against the county. We do not think that the case made in the alternative writ independent of the question of proper relator is one in which mandamus will lie. The county has the right to have the disputed facts determined by a court and jury.

The judgment sustaining the motion to quash the return is reversed, and the case is remanded with directions that the proceeding be dismissed, at the cost of the relator.

TAYLOR and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.