AGNES J. GUNNING, *as Executrix, etc., Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WYANDOTTE, *Appellee.*

No. 16,317.

H. A. MENDENHALL, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WYAN- DOTTE, *Appellee.*

No. 16,318.

SYLLABUS BY THE COURT.

1. COUNTIES—*Liability for Costs—Judgment—Fees.* In actions or proceedings prosecuted by the state, to which the county is not a party, the taxation of costs and the formal entry of judgment therefor against the county does not establish the liability of the county for the fees of an officer alleged to have been included in the aggregate sum stated in the entry as the amount of the recovery.

2. ——— *Judgment for Costs—Submission of Claim to County Auditor.* A judgment against a county having a county auditor is a claim to be examined and passed upon by that officer. A suit can not be maintained against the board of county commissioners on such a claim until the decision of the auditor thereon.

3. ——— *Costs.* Questions involving the recovery of costs against a county are considered.

Appeal from Wyandotte court of common pleas; LEWIS C. TRUE, judge. Opinion filed February 12, 1910. Judgment in No. 16,317 modified. Judgment in No. 16,318 affirmed.

*William Needles,* for the appellants.

*Joseph Taggart,* county attorney, for the appellee; *Nathan Cree,* of counsel.

The opinion of the court was delivered by

BENSON, J.: These actions were brought to recover fees claimed against Wyandotte county, accruing to H. A. Mendenhall, as sheriff, and to A. Gunning, as clerk of the district court and also as sheriff, during their respective official terms, for services in many ac-

tions and proceedings in the several courts of that county. The two petitions contain 174 counts; all but five of these are upon purported judgments reciting the taxation against the county, in a majority of the cases, of the costs of the action or proceeding, and in others reciting such taxation against the persons who were defendants therein and the failure to collect the costs from such persons. In each of the causes of action now referred to the rendition of a judgment for the amount of the costs is alleged in the usual form, followed by an averment that this amount includes the sum stated as fees of the sheriff or clerk—as the case may be—in the action, and that the sum is due to the plaintiff from the county. Six of these counts are upon judgments against the board of county commissioners in civil actions. The county was not a party to any of the other cases. There is no averment of presentation to, or action by, the county auditor upon any of the claims based upon judgments. Two of the causes of action were tried upon agreed statements and judgments were rendered for the defendant. A demurrer to all the others was sustained. The plaintiffs appeal.

The trial court held that all the counts upon judgments were insufficient because of the omission of an averment that the action of the auditor had been invoked or taken upon the claims. It was also held that the judgments did not establish the liability of the county, and that many of the claims were barred by the statutes of limitation.

The plaintiffs contend that the judgments taxing costs are conclusive, finally fixing the liability of the county for the sums included therein for fees, and that the auditor had no function to perform with respect to such judgments. The defendant contends that judgments must be audited as other claims, and also insists that the taxation of costs against the county in cases to which it was not a party does not determine its liability.

A county is liable for the fees of a sheriff and a clerk in criminal cases when they are not paid by the defendant or prosecuting witness. (Gen. Stat. 1901, § 3057.) The clerk is required to tax such costs and deliver to the prosecuting attorney a fee bill specifying the items. (Crim. Code, § 333.) The prosecuting attorney must examine the fee bill and ascertain whether the services have been rendered, whether the charges are such as the law allows, and whether the county is liable therefor. These provisions, and the scheme provided for auditing claims in counties having a population of over 45,000 (Gen. Stat. 1901, §§ 1825-1842), are in irreconcilable conflict with the proposition that the liability of the county is established by the taxation of costs. The interest of the claimant in the aggregate amount purporting to be adjudged against the county is not stated, and the county is not a party to the record. (*Lockard v. Decatur County,* 66 Kan. 781; *City of Iola v. Harris,* 40 Kan. 629.) The liability of the county in the cases where the board of county commissioners was not a party must be determined by reference to the statutes and the services performed, and was not finally established by the taxation of costs against it. (*Trant, Auditor, v. The State, ex rel. Board of Comm'rs of Grant Co.,* 140 Ind. 414; *McGuire v. Iowa County,* 133 Iowa, 636; *County Com. of De Soto Co. v. Howell,* 51 Fla. 160; *Craighead County v. Cross County,* 50 Ark. 431; *The State v. Campbell and Jones,* 19 Kan. 481.)

A different question is presented upon the judgments rendered against the county in civil actions to which the board of county commissioners was a party. Conceding that the plaintiffs might maintain their actions for the sheriff's and clerk's fees included in the amount of costs so taxed in those cases, by making proper proof, as indicated in the Lockard case, supra, we must next inquire whether these judgments should have been presented to, or acted upon by, the county auditor under the statute cited above, Wyandotte being a county

of over 45,000 population and having an auditor. That statute provides that the auditor shall audit all claims of every nature or description presented to, or claimed against, the county, and keep a record thereof and of his decision thereon. The report of the auditor must be presented to the county board, which may disallow any claim allowed by the auditor. A monthly report of the auditor is filed with the county treasurer, who is not allowed to pay any warrant the amount of which has not been authorized by such report. An abstract of this report must be published. The statute contains the following provisions:

"No claim, which the auditor has power under this act to pass upon, shall be sued on till after the decision of the auditor and board of commissioners thereon." (Gen. Stat. 1901, § 1838.)

It is contended that a judgment is a claim upon which the auditor has no power to act, and so the prohibition of this section does not apply, but another section of the same act declares that all claims of every nature and description claimed against the county shall be audited by that officer. (Gen. Stat. 1901, § 1829.) Other provisions require that a public record of claims be kept, and that reports be published. The record would be incomplete if judgments were omitted from it. There are good reasons why a judgment should be audited like other demands. It may have been paid (*Scroggs v. Tutt,* 20 Kan. 271) or it may be subject to credits by subsequent collections of fees, which would be shown by statements required to be made to the auditor. (Gen. Stat. 1901, § 1840.) The judgment may be dormant because an execution was not issued in due time; it may not be owned by the claimant at the time payment is demanded; it may have been entered without jurisdiction; or, for some other reason not appearing upon the face of the claim as presented, it may not then be a legal demand against the county, although beyond controversy at the date of its rendition. The evident

policy as well as the language of the statute compels the conclusion that a judgment is a claim that must be submitted to the auditor like other demands for money. This is a condition precedent to the maintenance of a suit. (*Alden v. County of Alameda,* 43 Cal. 270; *Houtz v. Commissioners,* 11 Wy. 152; *Hoexter v. Judson,* 21 Wash. 646; *Scroggs v. Tutt,* supra.)

Besides the causes of action based upon judgments, there are others included in the petition for fees accruing for services in the juvenile court, upon executions, and for wages of a guard at the county jail. These are also defective for want of an averment that the claims had been audited or presented for audit.

A claim is made in the Gunning case for services in extradition proceedings. (Gen. Stat. 1901, § 3183.) The trial of this count was upon an agreed statement of facts showing that a deputy sheriff, with proper authority, had brought the fugitive from Missouri to Wyandotte county for trial. A bill for fees was presented to the auditor containing items for mileage, car fare, five days' services, fees paid in Missouri, and the service and return of papers, all amounting to $81.15. The auditor reported in favor of allowing $27.75 thereon. This amount was allowed in July, 1905, and a warrant drawn therefor and paid. In the absence of any agreement or proof to the contrary, it must be presumed that the action of the auditor was supported by the facts found upon his examination of the fee bill, and that he performed his duty. (*Head v. Daniels,* 38 Kan. 1.) The finding of the court upon this cause of action is therefore sustained.

The cause of action numbered 29 in the Gunning case was also tried upon an agreed statement, from which it appears that a woman pleaded guilty in the district court to a charge of misdemeanor and then fled. She was never apprehended or sentenced. A fee bill of the costs was made out by the clerk, examined by the auditor, and disallowed. Afterward a warrant was is-

sued for the fugitive, and subsequently returned with an indorsement that she could not be found. The auditor then reported in favor of allowing the clerk's, sheriff's and witnesses' fees, and thereupon the county board allowed all such fees, except those of the sheriff, being one item of $6. No reason is shown for the disallowance of this item, although it appears to have been a legal charge against the county.

Upon all the other causes of action the decision of the court must be sustained.

The judgment in the Mendenhall case is affirmed. In the Gunning case it will be modified, and that cause is remanded with directions to enter a judgment for the plaintiff for $6 and interest.