No. 26,710.

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant,*
v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF
MONTGOMERY, and C. A. MITCHELL, as County Treasurer, *Appellees.*

SYLLABUS BY THE COURT.

1. TAXATION — *Recovery of Taxes Paid — Protest — Payment for Purpose of Getting Rebate.* A taxpayer, compelled to pay an illegal tax on his property, and who pays it under protest, may recover it back, but under our old statute (Gen. Stat. 1915, § 11396, repealed by ch. 309, Laws 1919; R. S. 79-2004), if he pays the whole of such tax prior to December 20, for the purpose of getting the rebate, the payment is voluntary as to the last half; following *Railway Co. v. City of Humboldt,* 87 Kan. 1, 123 Pac. 727.

2. COUNTIES—*Claims Required to be Presented for Audit—Tax Refund.* A claim against a county for a refund of alleged illegal taxes should be presented for audit and allowance.

3. SAME—*Claim for Refund of Illegal Tax—Sufficiency of Presentation.* When a claim for refund of alleged illegal taxes is presented to the board of county commissioners, the fact that the county clerk does not certify it to the county auditor, and the auditor does not pass upon it, does not preclude an action by the taxpayer for its recovery.

Appeal from Montgomery district court; CHARLES D. WELCH, judge *pro tem.* Opinion filed July 10, 1926. Modified.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong,* all of Topeka, and *Chester Stevens,* of Independence, for the appellant.

*B. W. Berg,* county attorney, and *W. B. Grant,* deputy county attorney, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action to recover taxes, alleged to have been levied without authority of law and to have been paid under protest. It was tried to the court, who made findings of fact and conclusions of law and rendered judgment for defendant. The plaintiff has appealed.

The taxes complained of were levied in 1916. On December 20 of that year the plaintiff, although it protested the tax in controversy, paid the full tax of that year, in order to get the benefit of the rebate then allowed by law (Gen. Stat. 1915, § 11396, repealed by ch.

Counties, 15 C. J. pp. 646 n. 53, 647 n. 55, 651 n. 11, 660 n. 3. Taxation, 37 Cyc. pp. 1175 n. 39, 1179 n. 63, 1184 n. 79; 50 L. R. A. n. s., 818.

309, Laws 1919). The trial court held that the payment of the last half of the taxes at that time for the purpose of obtaining the rebate was a voluntary payment as to the last half and could not be recovered. Plaintiff complains of this ruling, and has presented an able argument in support of its contention. But the ruling is in accord with the previous decisions of this court (*K. P. Rly. Co. v. Comm'rs of Wyandotte Co.*, 16 Kan. 587, 596; *A. T. & S. F. Rld. Co. v. City of Atchison*, 47 Kan. 712, 715, 28 Pac. 1000; *A. T. & S. F. Rld. Co. v. Comm'rs of Atchison Co.*, 47 Kan. 722, 28 Pac. 999; *Railway Co. v. City of Humboldt*, 87 Kan. 1. 123 Pac. 727; *Bush v. City of Beloit*, 105 Kan. 79, 181 Pac. 615), which we shall not disturb.

The court found that Montgomery county was required by statute (R. S. 19-601) to have, and has had at all times material herein, a county auditor, and that plaintiff's claim for a refund of the taxes sought to be recovered in this action had never been presented to nor passed upon by the county auditor, and by reason of this the court held plaintiff is precluded from maintaining this action. Plaintiff complains of this ruling. The statute provides it shall be the duty of the county auditor "to audit all claims of every nature and description presented to or claimed against his county" (R. S. 19-605); that he "shall allow no claim unless the same is expressly provided for by law, and due according to the terms of the law, or due by virtue of a contract authorized by law" (R. S. 19-607); the county commissioners may refuse to allow claims approved by the auditor, but no claim shall be paid which has not been approved by him (R. S. 19-608); claims allowed by the board of county commissioners shall be paid (R. S. 19-613); and no claim which the auditor has power to pass upon shall be sued on till after the decision of the auditor and the board of commissioners thereon (R. S. 19-615). Plaintiff contends that its claim for a refund of taxes is not one which the auditor had power to pass upon; that if presented to him he would have been prohibited by R. S. 19-607 from allowing it, and that plaintiff was not required to do a useless thing as a prerequisite to bringing the action. We cannot agree with this contention. A similar contention, made in *Salthouse v. McPherson County*, 115 Kan. 668, 672, 224 Pac. 73, was held not to be well taken. The statute defining the class of claims required to be audited (R. S. 19-605) is about as broad and as comprehensive as language can make it, and has been construed even as in-

cluding a judgment of a court of record. (*Gunning v. Wyandotte County,* 81 Kan. 708, 711, 106 Pac. 999.) In 26 R. C. L. 455, it is said:

"A claim to have taxes refunded is a claim of a contractual nature, and falls within statutory provisions requiring claims of such a nature to be presented to the municipal authorities for allowance before suit is brought."

And see cases collected in note 50, L. R. A., n. s., 181.

The court found that on April 30, 1918, plaintiff filed with the board of county commissioners a request for the refund of the taxes sought to be recovered in this action, claiming the same to be illegal. Plaintiff contends this was a sufficient presentation of the claim for audit and that the failure of the auditor to pass upon it is not chargeable to plaintiff. This contention must be sustained. The county clerk is the clerk of the board of county commissioners (R. S. 19-304 to 307). It is his duty to certify to the auditor, on or before the first Monday in each month, all claims and demands against the county on file in his office (R. S. 19-605), and it is the duty of the auditor, upon receiving claims certified to him by the county clerk to examine and audit the same, and on or before the first Monday of the next succeeding month to certify to the county clerk his report and decision on such claims. (R. S. 19-606.) Had this action been taken by the county clerk and auditor, as required by statute, the claim would have been audited long before this action was brought in December, 1918. But defendant contends the claim for refund was not verified, for which reason the county clerk was justified in ignoring it. The claim was properly itemized, and stated clearly the reasons for the claimed refund; it was not objected to because of lack of verification, hence the verification was waived. (*County of Saline v. Bondi,* 23 Kan. 117; 15 C. J. 651.)

Defendant argues that plaintiff should have presented its claim to the state tax commission, as provided by R. S. 79-1702. The decision of the court below appears not to have been based upon this point; but, aside from that, the statute does not provide an exclusive remedy. (*Railway Co. v. Greenwood County,* 104 Kan. 818, 180 Pac. 785; *Salthouse v. McPherson County,* supra.)

The cause is reversed for a new trial on plaintiff's right to recover the first half only of the taxes alleged to be illegal.