## No. 30,323.

The First National Bank of Hoxie, *Appellant,* v. The Board of County Commissioners of the County of Sheridan, *Appellee.*

(8 P. 2d 312.)

Opinion filed March 5, 1932.

*Floyd A. Sloan, W. Glenn Hamilton,* both of Topeka, and *Albert M. Cole,* of Holton, for the appellant.

*C. L. Thompson,* of Hoxie, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was an appeal from an order of the county commissioners refusing to pay a voucher for the difference between the taxes due from a national bank at the general-property rate and the intangible rate.

At the trial in the district court it was admitted that the tax was illegally levied and had been paid under protest. It was pointed out that the claim was for the last half of the taxes for the years in question and was paid the latter part of February of each year. Penalties for its nonpayment would not have been exacted till June 20 of that year. Appellee argued in the court below that on account of the payments being made at a date some months earlier than was necessary to avoid the imposition of a penalty, or the seizure of the property of the taxpayer for nonpayment of taxes, the payment was voluntary rather than involuntary and cannot be recovered. Appellees rely on the rule laid down by this court in *Wabaunsee County v. Walker*, 8 Kan. 431, where the following language was used:

"Where a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release his person or property from detention, or to prevent an immediate seizure of the same, such payment must be deemed to be voluntary, and cannot be recovered back; and the fact that the party at the time of making the payment files a written protest does not make the payment involuntary." (p. 436.)

That rule has been followed in other cases, the latest one being *Atchison, T. & S. F. Rly. Co. v. Montgomery County Comm'rs*, 121 Kan. 428, 247 Pac. 442. That case, however, and the cases there cited, turned upon the fact that the taxes for the whole year were paid in December, thereby entitling the taxpayer to a rebate on the last half of the taxes for that year. Under these circumstances the payment was held to be voluntary. In the case at bar no rebate was due the bank on account of having paid its taxes in February.

This court has relaxed the rule laid down in *Wabaunsee County v. Walker*, however, in *K. P. Rly. Co. v. Comm'rs of Wyandotte Co.*, 16 Kan. 587, and *A. T. & S. F. Rld. Co. v. City of Atchison*, 47 Kan. 712. The entire question was examined in detail and at great length in *Ottawa University v. Stratton*, 85 Kan. 246, 116 Pac. 892. There this court said:

"In a general sense there should be an immediate and urgent necessity for the payment of the illegal demand; or such payment should be made to re-

lease person or property from detention or to prevent an immediate seizure of person or property. Immediate, however, means certainly impending rather than upon the point of instantly taking place. The inevitableness of the result, unless forestalled by payment, is the matter of primary consequence rather than the nearness of the time when the tax proceeding will culminate. When the taxing process had passed the stage in which the amount and character of the tax may be reviewed, and has reached the stage of collection, no discretion is left in the collecting officers and it is to be presumed that they will follow the law and use all the means provided for securing payment of the tax." (p. 254.)

Nothing could here be said that would add to the force of what was said in that opinion. The language applies to the circumstances of the case at bar. Here everything that the taxing officers could do had been done. Nothing remained but for June 20 to roll around, and the penalties would have been added and a tax warrant handed to the sheriff. This court long ago reached the conclusion that it was not necessary that the sheriff should be knocking at the door with a tax warrant in his hand before the harassed taxpayer could pay a tax illegally levied and contest the validity.

Appellee points out that the tax in question was paid just before March 1, thereby reducing the amount upon which the bank paid the intangible rate for the ensuing year, and argues that the tax was paid when it was to enable the bank to get the benefit of this reduction and for that reason the payment should come under the rule laid down in *Atchison, T. & S. F. Rly. Co. v. Montgomery County Comm'rs*, supra, and was, therefore, voluntary. That argument is not good. The calculation of the assets of the bank upon which the intangible tax should be paid is a matter of bookkeeping with which this case has no concern.

The judgment of the trial court is reversed with directions to enter judgment for plaintiff for the amounts paid under protest for the last half of 1925 and 1927.

SLOAN, J., not sitting.