No. 22,239.

THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellee,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GREENWOOD et al., *Appellants.*

SYLLABUS BY THE COURT.

1. TAXATION—*High Schools—Nonresident Pupils—Property Taxable for High-school Tuition.* To raise revenue for the purpose of paying the tuition of pupils in schools located outside of cities or districts in which such pupils reside, the county commissioners, under the provisions of section 3 of chapter 314 of the Laws of 1915 (Gen. Stat. 1915, § 9363), may make a levy on all of the taxable property in the county, but must exclude therefrom the property of any district or city in which there is maintained either a four-year accredited high school or a rural high school.

2. SAME—*Invalid Taxes—Paid under Protest—Action to Recover— Choice of Remedies.* Section 2 of chapter 322 of the Laws of 1913 (Gen. Stat. 1915, § 11342), provides a remedy to which a taxpayer having certain grievances may resort if he desires, but the remedy is cumulative and was not intended to prevent a property owner from paying taxes under protest and maintaining an action to recover them on the ground that the levy was invalid.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed May 10, 1919. Affirmed.

*W. S. Marlin* and *Joseph A. Fuller,* both of Eureka, for the appellant.

*W. P. Waggener, J. M. Challiss,* both of Atchison, and *A. B. Miller,* of Eureka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff brought suit to recover taxes paid under protest. A demurrer to the petition was overruled, and judgment was rendered for plaintiff, from which defendants prosecute this appeal.

The question involved depends upon the construction of chapter 314 of the Laws of 1915, the title of which reads:

"An act relating to the admission of nonresident pupils in high schools in certain counties, providing for the submission of the provisions of this act to certain electors in certain counties, providing for the payment of the tuition of such·pupils, providing for certain tax levies, and repealing section 7790 of the General Statutes of 1909 and all acts and parts of acts in conflict herewith."

To raise revenue for the purpose of paying the tuition of certain high-school students in schools in Greenwood county located outside of cities or districts in which such students resided, the defendants levied a tax on all the taxable property in the county, including the property of the plaintiff, which was taxed for two rural high-school districts through which its railway extends. The defendants claim authority to make the levy under section 3 of the act. So much of the section as is applicable, reads:

"The county superintendent of public instruction shall, on or before the 25th day of July in each year, certify to the board of county commissioners the number of qualified pupils, as provided in section 1 of this act, and the amount necessary to pay the high-school tuition of said pupils for the ensuing year at the rate of one dollar per week; and the county commissioners shall levy on all of the taxable property in said county, *excluding from said levy the property of any district or city in which is maintained a four-year accredited high school, or rural high school,* a tax sufficient to pay said high-school tuition as certified by the county superintendent." (Italics ours.)     (Gen. Stat. 1915, § 9363.)

The plaintiff contends that the italicized words of the section show, in connection with the title and other provisions of the act, that it was the purpose of the legislature to protect from double taxation property which was liable to be taxed to maintain either a high school of an accredited nature, or a rural high school. It seems to be the claim of the defendants that the act is intended to provide only for the attendance of pupils upon accredited high schools. The first section of the act provides that—

"In every county in this state in which provision is not otherwise made for free high-school tuition for every qualified pupil residing in said county, any pupil residing in any school district which does not maintain a high school with a four-year course accredited by the state board of education shall be admitted to any accredited high school in said county, on presentation of a common-school diploma. . . . and the tuition of such pupils shall be paid as hereinafter provided; provided, that any pupil residing in any school district, which does not maintain a high school with a four-year course accredited by the state board of education shall, if he desires, be admitted to the high school nearest his residence in the county of his residence or adjoining county; whether such high school maintain a four-year course or less, and his tuition shall be paid in the same manner and from the same fund as provided when attending an accredited high school maintaining a four-year course." (Gen. Stat. 1915, § 9361.)

There is hardly room for doubt about the intention of the legislature. The language of the act is plain and unambiguous. To begin with, the title mentions high schools, but does not use the word "accredited," although that kind of high school is mentioned in several places in the body of the act. The legislature recognized that "high school" is a generic term which may include any one of several kinds of high schools provided for in the school laws—Barnes high schools, township high schools, and rural high schools—any one of which may or may not belong to still another class of high schools referred to in the body of this act and in other statutes as "accredited." Section 3 in express language excludes from the levy "the property of any district or city in which is maintained a four-year accredited high school, or rural high school." Defendants insist that the comma following "high school" should be ignored, and that the words "four-year accredited" should be construed as applying to rural high schools. If this were the intention of the legislature, the words "or rural high school" would doubtless have been omitted as entirely superfluous, because all that would have been necessary to manifest that intention was to exclude "from said levy the property of any district or city in which is maintained a four-year accredited high school." The adjective expression "four-year accredited" so used would have included all kinds of high schools. But the provision excludes the property of any district or city in which there is maintained a four-year accredited high school, or rural high school, whether accredited or not.

Booster Club v. City of Anthony.

The defendants present another reason which they insist prevents the plaintiff from maintaining the action. It is said that the plaintiff should first have presented its claim to the state tax commission under the provisions of section 2 of chapter 322 of the Laws of 1913 (Gen. Stat. 1915, § 11342). That section provides a remedy to which a taxpayer having certain grievances may resort if he desires. Whether the remedy there provided applies to the wrongs alleged by the plaintiff in this case need not be determined; the section itself contains an express provision that the remedy, whatever it is, is cumulative. The last sentence in the section reads: "No remedy herein provided for shall prevent any taxpayer from pursuing any remedy which can now be given by any court in this state."

The judgment is affirmed.