No. 29,786.

THE BANK OF HOLYROOD, A. D. JELLISON, W. C. FREVERT, GEORGE
T. TREMBLE, B. L. GARDANIER, E. J. SNYDER and HANNAH HEI-
KEN, *Appellants*, v. R. J. KOTTMANN, Treasurer of Ellsworth
County, and the BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF ELLSWORTH, *Appellees*.

(296 Pac. 357.)

Opinion filed March 7, 1931.

*U. S. Weary,* of Junction City, for the appellants.

*V. E. Danner,* county attorney, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover an excess of bank taxes paid under protest.

The facts were these: In 1927 the stock of the Bank of Holyrood, in Ellsworth county, was assessed at the general-property-tax rate of $2.959 per $100 valuation. On that basis the aggregate tax on the stock of the bank was $1,289.24, whereas the proper tax of $0.50

per $100 valuation amounted to $217.85, under familiar federal and state decisions. Plaintiff's petition alleged— ⚹

"That the plaintiff bank, on January 9, 1928, to avoid seizure of the property of the other defendants herein, and *under duress and protest, involuntarily* paid to said defendants the sum of $1,289.24, whereas the sum then properly due was only $217.85; thereby making a total excess payment on the first half of said taxes of $535.69, and an excess payment on the last half of said taxes of $535.70, unlawfully exacted by defendants of plaintiffs."

Plaintiff prayed judgment—

"(*a*) For the sum of $535.69 for the excess payment on the first half of said taxes, and

"(*b*) For the sum of $535.70, for the excess payment covering the last half of said tax."

The defendants confessed judgment on the first paragraph of the prayer of plaintiff's petition and demurred as to facts upon which the second paragraph of the prayer was predicated.

The trial court sustained the demurrer on the ground that the payment of the second half of the taxes was voluntary. The bank appeals.

It is conceded, as indeed it must be, that in so far as the taxes assessed against the bank's stock were excessive they were illegal. (*Voran v. Wright,* 129 Kan. 1, 281 Pac. 938; id. 601, 284 Pac. 807.)

It is also conceded that under the intangible tax rate, which should have been applied to compute the proper assessment, the lawful taxes for the bank to pay were $217.85. The excess which the bank did pay was $1,071.39. Defendants concede that the bank is entitled to a return of half this excess but no more. Why not the whole of the excess? Because, it is suggested, plaintiff was not under compulsion to pay the second half of the taxes for 1927 on January 9, 1928, but could have deferred payment thereof until June 20, 1928, without loss, penalty or prejudice to itself; and therefore the payment of the second half of the taxes was voluntary. But on January 9, 1928, the bank did not have the privilege of deferring payment of the second half of the taxes until June. On and prior to December 20, 1927, the bank had such a privilege upon condition of its making timely payment of the first half. Not otherwise. Having passed the privilege period without payment of the first half, the whole amount of the taxes became due absolutely, and penalties for nonpayment had begun to impend. If the bank had delayed payment another day the processes of law to enforce col-

lection of those illegal taxes and penalties and costs would have been set in motion against it. (R. S. 79-2101.) When the bank did pay, the necessity therefor was immediate and urgent, consequently it cannot be admitted that payment was voluntarily made. (*Wabaunsee Co. v. Walker,* 8 Kan. 431; *K. P. Rly. Co. v. Comm'rs of Wyandotte Co.,* 16 Kan. 587; *Ottawa University v. Stratton,* 85 Kan. 246, 116 Pac. 892; *Salthouse v. McPherson County,* 115 Kan. 668, 672, 224 Pac. 70; *Ward v. Love County,* 253 U. S. 17, 64 L. Ed. 751; Anno.—Tax or Assessment—Involuntary Payment, 64 A. L. R. 9 *et seq.;* 26 R. C. L. 456-459; 37 Cyc. 1181-1184.)

On behalf of appellee it is suggested that plaintiff might have invoked the remedy provided by R. S. 79-1701, 79-1702, to have the erroneous rate of taxation corrected. These paragraphs of the taxation statute vest in the county clerk, the county commissioners, and the state tax commission certain powers to correct irregularities in the assessment and taxation of property. Assuming without decision that plaintiff might have obtained adequate redress by such a procedure, it has already been held that this feature of the tax law only furnishes a cumulative remedy (*Railway Co. v. Greenwood County,* 104 Kan. 818, 821, 180 Pac. 785) and does not prevent a taxpayer from exercising his privilege of paying illegal taxes under protest and then maintaining an action to recover therefor. (*Atchison, T. & S. F. Rly. Co. v. Montgomery County Comm'rs,* 121 Kan. 428, 430, 247 Pac. 442; *Hodgins v. Shawnee County Comm'rs,* 123 Kan. 246, 255 Pac. 55.)

It therefore appears that plaintiff was entitled to recover the entire excess for which it sued. Consequently the judgment must be reversed and the cause remanded with instructions to the district court to set aside its ruling on the demurrer and to enter judgment for plaintiff as prayed for in its petition.

It is so ordered.