No. 37,467

THE SHERWOOD CONSTRUCTION COMPANY, *Appellant,* v. BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JOHNSON, X. OURAY MEYER, *County Treasurer,* LEONARD WHITE, County Clerk, and GEORGE ABELL, Sheriff, *Appellees.*

(207 P. 2d 409)

Opinion filed June 11, 1949.

*Howard T. Fleeson,* of Wichita, argued the cause, and *Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk* and *Manford Holly,* all of Wichita, were with him on the briefs for the appellant.

*John Anderson, Jr.,* county attorney, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action to enjoin county officers from collecting taxes alleged to have been illegally levied and assessed on personal property.

Plaintiff, The Sherwood Construction Company, a corporation, appeals from the order sustaining a demurrer to its petition. The pertinent averments of the petition, in substance, were:

Plaintiff is a Kansas corporation with its principal place of business and post-office address in Wichita, Sedgwick county; that is the place where its business is done and conducted; all property and equipment owned by it when not otherwise in use is housed and kept in its shops in Sedgwick county; all contracts negotiated by it are handled and finally processed through its Wichita office where its principal business is done and conducted; one phase of its business is road construction which is carried on with heavy machinery and equipment moved into other counties within the state and frequently into other states when necessary to carry out its contracts; in the latter part of 1946 plaintiff contracted to do certain road construction work in Johnson county, Kansas, and moved its equipment and machinery (the date was not stated) into that county where it was put to use and was located on March 1, 1947.

The petition further alleges:

"Seventh: That in pursuance of the provisions of G. S. 1935, 79-304, requiring a company to list its property for purposes of taxation in the county, township, city and school district where its business is usually done, plaintiff listed all of its property for purposes of assessment and taxation for the year 1947 in Wichita, Sedgwick county, Kansas; that said personal return was duly audited by a deputy assessor of Sedgwick county, Kansas, and duly approved and filed on May 7, 1947. A true and correct photostat of said return is attached, made a part hereof and reference hereto made as though fully incorporated herein as Exhibit 'A'.

"Eighth: That thereafter and on or about July 15, 1947, plaintiff was notified by the taxing officials of Johnson county that a personal tax return covering all property owned by plaintiff and located in that county on March 1, 1947, had been filed against plaintiff in said county and that taxes based upon their valuation would be collected; that said action on the part of said taxing officials thereby created a double assessment against said property of plaintiff and plaintiff was subsequently notified that taxes in the amount of $3,419.13 were payable. A true photostat of the return as made and filed by said taxing officials is hereto attached, made a part hereof and reference hereto made as though fully incorporated herein as Exhibit 'B'.

"Ninth: That the plaintiff is a 'company' as such term is intended and used under the provisions of G. S. 1935, 79-304, and as such is required to and did list all of its property in Wichita, Sedgwick county, Kansas, which is the place where plaintiff's business is usually done; that the equipment belonging to plaintiff and located in Johnson county on March 1, 1947, was promptly removed therefrom when the purpose for which each item so used had been served and the same did not acquire a tax situs for purposes of taxation in

said county; that said property so assessed had no degree of permanency in said county and did not become a part of the common mass of property therein and because of the provision of G. S. 1935, 79-304, requiring a company to list its property for purposes of assessment in the county, township, city and school district where its business is usually done said tax, charge and assessment imposed in Johnson county is illegal and wholly void; that the collection thereof should be enjoined and said tax ordered canceled."

It was then alleged the levy and assessment on the property made in Johnson county were illegel. Plaintiff prayed defendants be enjoined from collecting the tax, for an order cancelling it and that plaintiff be given all proper equitable relief.

Before considering the proper tax situs of the property in question we are confronted with appellees' contention that irrespective of its proper tax situs the demurrer was properly sustained. The contention is the petition failed to allege compliance with a condition precedent to appellant's right to maintain this action, namely, that appellant had first exhausted its remedy before the state commission of revenue and taxation. In support of this position appellees cite G. S. 1947 Supp., 79-1702, which provides:

"If any taxpayer shall have a grievance not remediable or which has not been remedied under section 1 [79-1701] of this act such grievance may be presented to the state commission of revenue and taxation at any time prior to the first day of August of the year succeeding the year when the assessment was made and the taxes charged which are the basis of the grievance, and the said commission shall have full authority to inquire into the grounds of complaint, and if it shall be satisfied from competent evidence produced that there is a real grievance, it may direct that the same be remedied either by canceling the tax if uncollected together with all penalties charged thereon, or if the tax has been paid, by ordering a refund of the amount found to have been unlawfully charged and collected. *In all cases* where the identical property owned by any taxpayer has been assessed for the current tax year in more than one county in the state, said commission is hereby given authority to determine which county is entitled to .the assessment of the property and to charge legal taxes thereon, and if the taxes have been paid in a county not entitled thereto, said commission is hereby empowered to direct the authorities of the county which has so unlawfully collected the taxes to refund the same to the taxpayer with all penalties charged thereon." (Our italics.)

The petition did not allege appellant had paid the tax assessed in Sedgwick county but the foregoing statute, beginning with the italicized words, "In all cases . . .," *authorizes* the tax commission to grant the desired relief whether the taxes have or have not been paid. It will be observed the portion of the statute beginning with the italicized words, "In all cases . . ." expressly

grants to the commission authority to determine the precise problem in this case.

G. S. 1947 Supp. 79-1702a also grants power to the tax commission to correct specified *errors* when property has been erroneously taxed or assessed and the tax has not been paid. Here we are confronted not only with an alleged error or irregularity but with the contention the tax was illegally levied and will be illegally collected unless appellees are enjoined from so doing. (*Salthouse v. McPherson County,* 115 Kan. 668, 670, 224 Pac. 70.) It will be observed that while the statutes authorize the tax commission to act in the premises they do not state an aggrieved party shall, or must exhaust his remedy before the state tax commission prior to instituting an action in the courts in the case of an illegal tax.

Appellant contends the action was properly instituted pursuant to the provisions of G. S. 1935, 60-1121, which authorizes the granting of an injunction to prevent the *illegal* levy of any tax, charge, or assessment or the collection thereof. It, in substance, contends the right to injunctive relief from an *illegal* tax is a matter entirely different from the mere correction of an error or irregularity in taxation. In support of its contention that it may proceed directly in the courts to obtain relief from an *illegal* tax appellant cites *Griffith v. Watson,* 19 Kan. 23, 27; *Railway Co. v. Wyandotte County,* 101 Kan. 618, 168 Pac. 687; *Salthouse v. McPherson,* supra, p. 670-671.

Appellees argue that where a remedy is provided before an administrative tribunal the remedy must be exhausted before resort is had to the courts, citing *State, ex rel., v. Capital Gas & Electric Co.,* 139 Kan. 870, 33 P. 2d 731; *Hayward v. State Corporation Comm.,* 151 Kan. 1008, 101 P. 2d 1041; *Employers' Liability Assurance Corp. v. Matlock,* 151 Kan. 293, 98 P. 2d 456; *Ritchie v. Johnson,* 158 Kan. 103, 144 P. 2d 925; *Thompson v. Chautauqua County Comm'rs,* 147 Kan. 151, 75 P. 2d 839.

The first two of the last cited cases are covered by the law pertaining to the procedure before the state corporation commission. One was a gas rate case, the other a gas proration case. The third case was one under the workmen's compensation act which provides its own complete and exclusive procedure and remedy. The fourth was a federal rent control case likewise controlled by the specific provisions of the federal law. The fifth case clearly recog-

nizes that while redress before the tax commission is appropriate it is not the exclusive remedy where an alleged illegal tax is involved. (Thompson case, p. 156, citing *Railway Co. v. Greenwood County*, 104 Kan. 818, 821, 180 Pac. 785; *Bank of Holyrood v. Kottman*, 132 Kan. 593, 595, 296 Pac. 357.) See express reference to the statute here involved in the last cited case at p. 595. So, too, it was said in *Atchison, T. & S. F. Rly. Co. v. Montgomery County Comm'rs*, 121 Kan. 428, 247 Pac. 442, as follows:

"Defendant argues that plaintiff should have presented its claim to the state tax commission, as provided by R. S. 79-1702. The decision of the court below appears not to have been based upon this point; but, aside from that, the statute does not provide an exclusive remedy. (*Railway Co. v. Greenwood County*, 104 Kan. 818, 180 Pac. 785; *Salthouse v. McPherson County*, supra.)" (p. 430.)

It is also well to observe G. S. 1947 Supp. 79-1702, in substance, provides that where a taxpayer has a grievance *not otherwise remediable* he can have redress through the state tax commission. (*Kaw Valley Drainage Dist. v. Zimmer*, 141 Kan. 620, 624, 42 P. 2d 936; *Thompson v. Chautauqua County Comm'rs*, supra, p. 154.) The instant grievance is expressly made remediable by the injunction statute relied upon by appellant. (G. S. 1935, 60-1121.)

Although it would be entirely appropriate and perhaps a good practice for a taxpayer to first present a grievance such as this to the commission even though he claimed the assessment and levy were actually illegal, rather than merely erroneous, nevertheless courts cannot compel the taxpayer to adopt that procedure when the legislature makes it merely a cumulative and not an exclusive remedy.

Was the demurrer to the petition properly sustained on other grounds? In view of the conclusion we have reached we do not deem it necessary to set out the lengthy pertinent statute. (G. S. 1935, 79-304.) In passing we note that statute was amended in 1947 with respect to tangible property, stationed, located or stored on a municipal airport or airfield. (G. S. 1947 Supp. 79-304.) The amendment, however, is not involved in this case.

An examination of the statute will readily disclose the provisions thereof on which appellant relies, namely, that part which provides:

"The property of banks, bankers, brokers, merchants, and of insurance *or other companies* (except of mutual fire insurance companies) shall be listed

and taxed in the county, township, city and school district *where their business is usually done,* and manufactories and mines in the county, township, city and school district where the manufactories or mine is located." (Our italics.)

Appellant argues the words "or other companies" were intended to include every company or corporation and, therefore, the property in question could be assessed and taxed only where appellant's "business is usually done." The petition alleged that place to be at its principal office in Wichita, Sedgwick county. The petition further alleged appellant listed all its property for purposes of assessment and taxation for the year 1947 in Sedgwick county pursuant to the provisions of G. S. 1935, 79-304. (See petition, ¶ 7.) The petition further alleged the appellant was notified of the assessment in Johnson county on or about July 15, 1947.

On the other hand, appellees stress the fact the petition discloses the property was brought into Johnson county during the latter part of 1946, and was located there on March 1, 1947. Appellees contend the property was taxable in Johnson county by virtue of the provision in the statute that:

"All toll bridges shall be listed in the township or ward where the same are located; and if located in two wards or townships, then one-half in each of such wards or townships, *and all personal property* shall be listed and taxed each year in the township, school district or city in which the property *was located on the first day of March,* but all moneys and credits not pertaining to a business located shall be listed in the township or city in which the owner resided on the first day of March." (Our italics.)

The parties also refer to other tax statutes which they regard as an aid to a proper interpretation of G. S. 1935, 79-304 and to cases decided under previous tax statutes, conceded not to be controlling here, but which they regard as helpful on their contentions.

In addition to portions of the petition previously noted it will be observed the petition also alleged the property was promptly removed from Johnson county when the purpose for which each item was used had been served and that the property had no degree of permanency in Johnson county and had not acquired a tax situs therein. However, neither the date on which the property was originally brought into the county during the latter part of 1946 nor the date it was removed therefrom is alleged. The petition does not disclose the extensiveness of the business transacted or to be transacted in Johnson county. While we are not now deciding the last two stated facts would be conclusive on the issue of the tax situs of

the property we think they may have some bearing on that question when considered in connection with all other material facts that probably will be developed on the trial.

The statute is by no means a model of clarity. The question presented is one of public as well as of a private nature. It is of vital importance to many taxpayers and to taxing officials. In the very nature of its character and importance the question is one that should not be determined in the absence of a full disclosure of all pertinent facts. It would have been far better and a much safer practice to have joined issues by proper pleadings and to have tried the case on its merits rather than to endeavor to obtain a ruling on such an important question of law by demurrer to a petition which may not fully disclose all the material facts.

The record does not show the petition was motioned in order to obtain a fuller statement of the facts. It seems to us the allegations of the petition are sufficiently broad, considering all averments and reasonable inferences, which on demurrer must be admitted to be true, to permit appellant to make its proof. When that has been done the trial court and this court, if necessary, should be in a far better position to determine whether appellant is entitled to the relief sought.

The order sustaining the demurrer to the petition should be reversed. It is so ordered.